**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Raymond P. Edwards**, | Bankruptcy No. 22-06343 |
| Debtor. | Honorable Deborah L. Thorne |

## NOTICE OF MOTION

**Please take notice** that, on **Thursday, November 3, 2022, at 9:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Deborah L. Thorne, United States Bankruptcy Judge for the Northern District of Illinois, or any other judge sitting in her place and stead, and shall then and there present the **Trustee's Motion to Authorize Sale of Property, Motion to Authorize Sale Free and Clear of Liens, to Authorize Payment of Auctioneer's Fees and Expenses, and Request to Shorten Notice**, a copy of which is attached and hereby served upon you.

This motion will be presented and heard electronically using Zoom for Government. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 160 9362 1728. The meeting ID and further information can also be found on Judge's web page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

{00229425 2}

| | |
|---|---|
| Dated: October 27, 2022 | **Deborah K. Ebner**, not individually but as chapter 7 trustee of the bankruptcy estate of Raymond P. Edwards |
| | By: */s/ Ariane Holtschlag*<br>One of Her Attorneys |

Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel: (312) 878-6976
Fax: (847) 574-8233
Email: aholtschlag@wfactorlaw.com

{00229425 2} —2—

## CERTIFICATE OF SERVICE

       I, Ariane Holtschlag, an attorney, hereby certify that on October 27, 2022, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List and by U.S. Mail on all other persons identified on the appended Service List.

                                                              */s/ Ariane Holtschlag*

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| **J Kevin Benjamin** | attorneys@benjaminlaw.com; firmecf@gmail.com; benjaminlegalservicesllp@jubileebk.net |
| **Kinnera Bhoopal** | kinnera.bhoopal@mccalla.com; mccallaecf@ecf.courtdrive.com |
| **Ariane Holtschlag** | aholtschlag@wfactorlaw.com; bharlow@wfactorlaw.com; gsullivan@ecf.inforuptcy.com; holtschlagar43923@notify.bestcase.com |
| **Deborah Kanner Ebner** | dkebner@debnertrustee.com, dke@trustesolutions.net; IL53@ecfcbis.com; webmaster@debnertrustee.com; lizd@deborahebnerlaw.com |
| **Patrick S Layng** | USTPRegion11.ES.ECF@usdoj.gov |

**Non-Registrants**
(Service via U.S. Mail see attached list)

{00229425 2}  —3—

Advocate Health Care
PO Box 1123
Minneapolis, MN 55440-1123

ARMED FORCES BANK, NA
PO BOX 3400
FORT LEAVENWORTH, KS 66027

AT&T Corp.
%AT&T Services, Inc.
Karen A Cavagnaro - Lead Paralegal
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

FREEDOM MORTGAGE CORP
10500 KINCAID DR
FISHERS, IN 46037-9764

Aurora Medical Group, INC.
PO Box 1123
Minneapolis, MN 55440-1123

Raymond P. Edwards
5342 N. Cicero Ave
Chicago, IL 60630-1541

Harris and Harris LTD
111 W. Jackson Blvd
chiacgo, IL 60604-4135

CHICAGO PATROLMENS FCU
1407 W WASHINGTON BLVD
CHICAGO, IL 60607-1820

Harris and Harris LTD
111 W Jackson Blvd Suite 400
chicago, IL 60604-4135

Internal Revenue Service
Centralized Insolvency Operation
Po Box 7346
Philadelphia, PA 19101-7346

Freedom Mortgage Corporation
Bankruptcy Department
10500 Kincaid Drive, Suite 300
Fishers, IN 46037-9764

ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
PO BOX 19035
SPRINGFIELD IL 62794-9035

Law Office of Ira T. Nevel
175 N. Franklin Suite 201
Chicago, IL 60606-1847

Jennifer Jill Edwards
5342 N Cicero Ave
Chicago, IL 60630-1541

NAVIENT
PO BOX 9655
WILKES BARRE, PA 18773-9655

NAVIENT  PC TRUST
C/O Navient Solutions, LLC.
PO BOX 9640
Wilkes-Barre, PA 18773-9640

PHEAA
1200 N. 7TH STREET 4TH FLOOR
HARRISBURG, PA 17102-1444

PHEAA
PO BOX 61047
HARRISBURG, PA 17106-1047

PHEAA
PO BOX 8147
HARRISBURG, PA 17105-8147

TD BANK USA/TARGETCRED
PO BOX 673
MINNEAPOLIS, MN 55440-0673

The Judicial Sales Corporation 24th
Floor
One South Wacker Drive
Chicago, IL 60606-4654

Vantage Group Legal Services
2241 S Wabash Ave
Chicago, IL 60616-2109

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Raymond P. Edwards**, | Bankruptcy No. 22-06343 |
| Debtor. | Honorable Deborah L. Thorne |

**MOTION TO AUTHORIZE SALE OF PROPERTY, MOTION TO AUTHORIZE SALE FREE AND CLEAR OF LIENS, TO AUTHORIZE PAYMENT OF AUCTIONEER'S FEES AND EXPENSES, AND REQUEST TO SHORTEN NOTICE**

Pursuant to 11 U.S.C. §§ 105(a), 327(a), 363(b), and 363(f), and Rule 6004 of the Federal Rules of Bankruptcy Procedure, Deborah K. Ebner, not individually but solely in her capacity as chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of Raymond P. Edwards (the "*Debtor*"), respectfully requests that this Court enter an order, substantially in the form of the order submitted here, authorizing the Trustee to sell the Jeep (as defined below), free and clear of liens or encumbrances, and to allow her to pay her auctioneer, on shortened notice, as described below.

**JURISDICTION**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this Application is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (O).

## BACKGROUND

3. The Debtor owns a 2012 Jeep Wrangler Unlimited (VIN: 1C4BJWEG1CL209717) (the "*Jeep*"). The title does not reflect any liens on the Jeep.

4. On June 4, 2022 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 13 of title 11, United States Code (the "*Bankruptcy Code*"), thereby initiating the Case.

5. On August 15, 2022 (the "*Conversion Date*"), the Case was converted to a chapter 7.

6. Deborah K. Ebner was thereafter appointed as the Case trustee.

7. Prior to the Petition Date and upon the Conversion Date, the Debtor had ownership of the Jeep.

8. On the Debtor's sworn schedules A/B (filed June 29, 2022), the Debtor lists the Jeep with a value of $16,552.

9. On October 24, 2022, the Trustee filed a motion to employ David Heath and the professionals of American Auction Associates, Inc. ("*American Auction*") to liquidate the Jeep, pursuant to 11 U.S.C. § 327(a). That application indicated that the Trustee would be seeking separate authority to sell the Jeep, and this motion requests that relief.

10. American Auction is a disinterested party and a fully-bonded auctioneer that specializes in the liquidation of bankruptcy assets, such as the Jeep.

11. An expeditious sale of the Jeep is in the interest of all parties, including the Debtor's creditors and prospective bidders.

## RELIEF REQUESTED

12. The Trustee respectfully requests that the Court authorize her to sell the Jeep at auction, and to pay American Auction as described below.

13. Subject to approval by the Court, as disclosed in the Trustee's motion to employ American Auction, the Trustee and American Auction have agreed that American Auction will be employed on the following terms and conditions:

   a. American Auction will receive a 10% buyer's premium on the sale of the Jeep payable by purchasers; and

   b. The Trustee will reimburse American Auction for out-of-pocket expenses incurred by it in the course of selling the Jeep.

14. The Trustee shall provide a full accounting of the expenses after the completion of the auction.

15. The Trustee respectfully requests that the Court authorize her to sell the Jeep. The Trustee requests authority for American Auction to sell the Jeep at a public auction on an "AS IS" and "WHERE IS" basis, with no representations or any kind made by the Trustee. The Trustee also requests that the Trustee be granted authority to accept bids for the Jeep, in whole or in part, prior to conducting a public auction ("**Pre-bids**"), and that American Auction be allowed to accept any Pre-bid that it deems to be commercially reasonable and to provide 10% bid protection to the maker of an accepted Pre-bid at the public auction. No such Pre-bids are known to the Trustee at this time.

## BASIS FOR RELIEF

### I. The Trustee should be authorized to sell the Jeep.

16. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the

ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

17. In determining whether to approve a sale outside the ordinary course of business, various standards have been used, including a business judgment test, a good faith test determining whether the sale is fair and equitable, and a test to assess whether the transaction is in the best interest of the estate. *See, e.g., In re Olde Prairie Block Owner, LLC*, 2011 WL 1692145, *7 (Bankr. N.D. Ill. May 3, 2011); *In re Zeigler,* 320 B.R. 362, 381 (Bankr. N.D. Ill. 2005).

18. The Seventh Circuit has held that such a sale may be approved where the trustee has an "articulated business justification." *In re Schipper,* 933 F.2d 513, 515 (7th Cir. 1991); *see also In re Telesphere Communications, Inc.,* 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999).

19. Moreover, a trustee's business judgment is entitled to substantial deference with respect to the procedures to be used in selling an estate's assets. *Id., In re Integrated Resources, Inc.*, 147 B.R. 650, 656-57 (S.D.N.Y. 1992). The paramount goal in any proposed sale of property of the estate is to maximize the estate. *See, e.g., Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 765 (7th Cir. 2004) (in a bankruptcy sale, the "governing principle . . . is to secure the highest price for the benefit of the estate and creditors).

20. It is the Trustee's judgment that the most cost-effective way to liquidate the Jeep is by public auction.

21. American Auction is in the business of selling such assets and its auctions are publicly advertised and generally well attended by persons interested in purchasing assets such as the Jeep.

### II. Section 363(f): sale free and clear of liens

22. Section 363(f) of the Bankruptcy Code governs "free and clear" sales of estate property, providing, in relevant part, as follows:

> The trustee may sell property under subsection (b) . . . of this section free and clear of any interest in such property of an entity other than the estate, only if—
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

23. On the Petition Date and the Conversion Date, the Debtor owned the Jeep outright. The title does not reflect any liens on the Jeep.

24. As such, under § 363(f), the Court should authorize the Trustee to sell the Jeep free and clear of all liens, claims, interests, and encumbrances, with any valid liens to attach to the proceeds of sale.

### NOTICE

25. Seven days' notice of this Motion has been provided to the following: (a) the Debtor; (b) the Office of the United States Trustee; (c) American Auction; (d) all creditors as scheduled by the Debtor; and (e) any other person that has requested notice in the case (the "***Notice***").

26. Federal Rule of Bankruptcy Procedure 2022(a)(2) provides that a motion concerning the proposed use, sale, or lease of property of the estate other than in the ordinary course of business requires 21 days' notice to the Debtor and all creditors. However, in this instance, given the

circumstances, the Trustee requests that this matter be heard on shortened notice.

27. Here, the Trustee would like to approve the sale before November 9, 2022 or the timely auction of the Jeep. This would cause no harm to the Debtor or any creditor and will allow maximum value to the Estate.

28. For that reason, the Debtor requests that the Court find that the seven days' notice given on this motion sufficient under the circumstances.

WHEREFORE, the Trustee respectfully requests that the Court grant the relief requested herein and such further relief as this Court may deem appropriate under the circumstances.

Dated: October 27, 2022

**Deborah K. Ebner**, not individually but as chapter 7 trustee of the bankruptcy estate of Raymond P. Edwards

By: */s/ Ariane Holtschlag*
One of Her Attorneys

Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-4830
Fax:   (847) 574-8233
Email: aholtschlag@wfactorlaw.com

{00229425 2}    —9—